UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHELE BROCK,

    Plaintiff,

v.

CITY OF BELLEVILLE, BELLEVILLE
POLICE DEPARTMENT, OFFICER MICHAEL
SIEBEL, OFFICER JANE DOE, DETECTIVE
JOHN DOES 1 and 2, and LT. JOHN DOE,

    Defendants.

Case No. 17-cv-218-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion by defendants City of Belleville and Belleville Police Department to quash service of process and to dismiss claims (Doc. 25). Plaintiff Michele Brock has responded to the motion (Doc. 34).

Brock filed this lawsuit under 42 U.S.C. § 1983 alleging the defendants violated several of her constitutional rights in connection with her arrest on March 1, 2015 (Counts I-IV). She also brings state law causes of action for assault and battery (Count V), intention infliction of emotional distress (Count VI), negligent infliction of emotional distress (Count VII) and negligence (Count VIII). She seeks to hold the municipal defendants liable under a *respondeat superior* theory based on those state law claims (Count IX) and for failure to train and supervise and for negligent retention (Count X).

Pursuant to Federal Rule of Civil Procedure 12(b)(5), the City of Belleville and the Belleville Police Department now ask the Court to quash the service of process effected on them on the grounds that the service was not made on the proper person to receive service on behalf of a municipality under Federal Rule of Civil Procedure 4(j)(2) or 735 ILCS 5/2-211 and/or was

unsigned.   In response, Brock concedes that service was improper, has requested reissuance of the summons so that she can accomplish proper service, and argues that the motion to quash is premature.   Far from being premature, the defendants' motion has merit because, as Brock acknowledges, the service sought to be quashed was not proper.   Accordingly, the Court will grant the defendants' request and will quash the service attempted on the Belleville Police Department on May 17, 2017, and the service attempted on the City of Belleville during the week of May 22, 2017.   Brock may attempt to reserve the defendants, although she is advised to consult Federal Rule of Civil Procedure 4(m) regarding the time period in which service must be accomplished and to seek an extension of this deadline from the Court if necessary.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants argue that the Belleville Police Department is not a suable entity, so Brock is unable to state a plausible claim for relief against it.   Brock concedes that this is true but notes that she will ask for leave to amend her complaint to name the individual police officials she believes violated her constitutional rights once she identifies those individuals in discovery.   Because Brock has conceded the merits of the defendants' argument in this regard, the Court will grant this part of the defendants' motion and will dismiss the Belleville Police Department with prejudice.   Brock is advised that Magistrate Judge Stephen C. Williams will likely set a deadline for amending the pleading and naming unknown defendants in a forthcoming scheduling and discovery order.

Finally, the defendants ask the Court to dismiss Brock's state law claims, Counts V-X, because they were filed beyond the one-year statute of limitations in the Illinois Local Government and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a).   Brock concedes that she filed her state law claims too late and that, as a consequence, they are barred.   The Court will

grant the defendants' motion in this regard as to all defendants.

For the foregoing reasons, the Court:

- **GRANTS** the defendants' motion to quash service of process and to dismiss claims (Doc. 25);

- **QUASHES** the service of process attempted on the Belleville Police Department on May 17, 2017, and the service attempted on the City of Belleville during the week of May 22, 2017;

- **DISMISSES** all claims against the Belleville Police Department **with prejudice**;

- **DISMISSES** Counts V-X as to all defendants **with prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   July 11, 2017**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**