UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHELE BROCK,

    Plaintiff,

v.

CITY OF BELLEVILLE, BELLEVILLE
POLICE DEPARTMENT, OFFICER MICHAEL
SIEBEL, OFFICER JANE DOE, DETECTIVE
JOHN DOES 1 and 2, and LT. JOHN DOE,

    Defendants.

Case No. 17-cv-218-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendants City of Belleville ("City"), Belleville Police Department and Officer Michael Siebel to quash service of process and to dismiss claims (Doc. 41). Plaintiff Michele Brock has responded to the motion (Doc. 49). The Court also considers Brock's motion and amended motion for an extension of time to accomplish service (Docs. 43 & 48).

Brock filed this lawsuit under 42 U.S.C. § 1983 alleging the defendants violated several of her constitutional rights in connection with her arrest on March 1, 2015 (Counts I-IV). The Court has dismissed those claims to the extent they are asserted against the Belleville Police Department and has dismissed additional state law claims brought with her federal claims (Doc. 37).

Brock first filed her complaint on February 28, 2017 (Doc. 1), but it was stricken because of noncompliance with the rules governing the electronic case filing system ("CM/ECF") and the requirement of Local Rule 5.1(b) that the document be double-spaced. On March 10, 2017, Brock refiled the complaint identical in all respects to her original complaint except that it was double-spaced (Doc. 13).

Pursuant to Federal Rule of Civil Procedure 12(b)(5), the City, the Belleville Police Department and Siebel now ask the Court to quash the service of process effected on them. Specifically, the Belleville Police Department asks the Court to quash the service made on it on June 27, 2017, because the Belleville Police Department has been dismissed from this case. Brock concedes that in those circumstances, the service should be quashed. The Court will accordingly quash the service made on the Belleville Police Department on June 27, 2017.

The City and Siebel ask the Court to quash the service made on them on June 29, 2017, and July 12, 2017, respectively, because they were served with the original, single-spaced complaint that was stricken rather than the refiled but substantively identical double-spaced version. It is true that Federal Rule of Civil Procedure 4(c) requires that the summons be served along with a copy of the operative complaint in the case, rather than a superseded complaint, so as to properly inform a defendant of the nature of the claims and allegations in the suit. *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016). However, where the complaint actually served is a refiled, verbatim copy of the operative complaint with the only difference being the line spacing of the text, the Court will not elevate form over substance by quashing that service and will instead find that Brock substantially complied with Rule 4(c)'s service requirements. The City and Siebel were served with a pleading that adequately notified them of the commencement of the action, contained every allegation in this case and no more, and gave them fair notice of Brock's claims against them. They suffered no prejudice because the pleading was single-spaced instead of double-spaced. The Court therefore declines to quash the service on the City and Siebel because of the form of the complaint served.

More problematic is the timing of the service on the City and Siebel. Federal Rule of Civil

Procedure 4(m) governs the time in which process must be served. That rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This rule requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). Whether neglect is excusable is an equitable question that the Court should decide taking into consideration all the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). Those circumstances include the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reasons for the delay (including whether the reason was in the movant's control) and the good faith of the movant. *Pioneer Inv. Servs.*, 507 U.S. at 395; *McCarty*, 528 F.3d at 544. Whether the statute of limitations has expired on the claim is a factor that the Court should consider when exercising its discretion to dismiss the case or extend the 90-day deadline. *Panaras*, 94 F.3d at 341.

Brock does not dispute that she failed to accomplish service with in the 90-day period provided by Rule 4(m) but argues that her untimeliness is a result of excusable neglect. She notes that her counsel suffered from a medical condition requiring extensive treatment during the period of delay and was not able to give full attention to her legal practice. She also notes her original

3

efforts to serve the City and her quick action to reserve the City once she learned the original service was improper. She argues she acted diligently and in good faith. While Brock does not mention it, the Court also notes the two-year statute of limitations for her § 1983 causes of action has likely expired, so a dismissal even without prejudice would effectively end this case.

It is a close call, but the Court finds that the delay in service was caused by excusable neglect. The delay was not long, and counsel for the defendants, who represent all identified defendants, was aware of the claims in this case by at least June 6, 2017, the day they filed their first motion to quash and dismiss. The defendants have identified no prejudice from the delay in service, and the Court has been able, despite the defendants' objections, to set a schedule for this case. While the Court finds Brock's counsel was sloppy in her service efforts, the sloppiness does not amount to bad faith. For these reasons, the Court exercises its discretion to extend the time for service to the date service was actually accomplished on the City (June 29, 2017) and Siebel (July 12, 2017). The effect of this extension is that the service accomplished is deemed timely. *See Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (denial of request for dismissal due to late service was effectively an extension of time).

As for the John and Jane Doe defendants, the Court declines to consider the statute of limitations argument and whether any claim against those defendants, once they are identified, would relate back. That decision would involve an inquiry into their knowledge of the allegations in this case, an inquiry that is exceedingly difficult before they are identified. Instead, the Court will address a procedural matter involving those defendants. In Magistrate Judge Williams's July 14, 2017, scheduling and discovery order (Doc. 40), he set a deadline of October 6, 2017, for amendment of the complaint, which is the means by which Brock would identify the Doe

defendants. That date has passed, and Brock has not sought to amend her complaint to identify the individuals named as Doe defendants. The Court will therefore dismiss the Doe defendants without prejudice. Should Brock ever identify those individuals, she may seek leave of Court to file an amended pleading at a later date. The Court would then evaluate factors such as the posture of the case, Brock's reasons for the delay in amendment, and the viability of claims against the newly identified parties when it decides whether to allow amendment; there is no guarantee amendment would be allowed.

One final word is in order. Since its outset, this case has been plagued with technical problems and instances of carelessness that have ended up delaying the proceedings and wasting Court resources. For example, Brock's first complaint was not accompanied by the filing fee or motion for leave to proceed *in forma pauperis*, by the required civil case cover sheet, or by an attorney notice of appearance (Doc. 3). Brock did not use the proper codes when filing the complaint, which had to be corrected by Court personnel, and the pleading was stricken because its filing did not follow CM/ECF or Local Rules (Doc. 6). When a notice of appearance was filed, it bore the name of an attorney not licensed to practice in this Court and an incorrect signature (Doc. 7). Two other documents were stricken shortly thereafter for various reasons (Docs. 8 & 10). This was all the first week this case existed, and all of these errors required the time and resources of the Clerk of Court to get things back on track. The service of process merry-go-round followed. The consequence of these seemingly minor, yet time-consuming, problems is that this case is more than 6 months old and the parties are still fighting about service. Litigation should not be conducted like a game of blind-man's buff with counsel groping around in the dark, waiting for clues from the Court about the proper direction to take. On the contrary, litigation requires

preparation, knowledge of the rules, and attention to detail.   While the Court has sympathy for plaintiff's counsel's medical problems and need for treatment, it suggests she evaluate whether she has the ability to pay this case the attention it deserves and, if not, to help Brock identify another counsel who can.

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** the defendants' motion to quash service of process and to dismiss claims (Doc. 41);

- **QUASHES** the service of process on the Belleville Police Department on June 27, 2017;

- **GRANTS** Brock's motion and amended motion to extend time for service (Docs. 43 & 48);

- **ORDERS** that the time for service under Rule 4(m) is extended to the date service was actually accomplished on the City (June 29, 2017) and Siebel (July 12, 2017);

- **DISMISSES without prejudice** all claims against Officer Jane Doe, Detective John Does 1 and 2, and Lt. John Doe.   Those defendants are terminated from this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   October 10, 2017**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**